


Mark S. Scheffer, Esquire
**LAW OFFICES OF MARK S. SCHEFFER**
Identification Nos. 59271
P.O. Box 111
Birchrunville, PA 19421
(610) 915-8351

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD REINHARDT | : | CIVIL ACTION 16 2238 |
| v. | : | NO. |
| PECO ENERGY | : | JURY TRIAL DEMANDED |

FILED MAY 10 2016 MICHAEL E. KUNZ, Clerk By\_\_\_\_ Dep Clerk

## COMPLAINT

1. Plaintiff, Richard Reinhardt, is a black male residing in the Commonwealth of Pennsylvania.

2. Plaintiff, at all relevant times, was employed by Defendant as a Design Construction Consultant, and had been working with Defendant as such since January of 2009.

3. Defendant, Peco Energy, is an energy services company with its primary office located at 2301 Market Street, Philadelphia, PA 19101.

4. Plaintiff asserts causes of action herein under 42 U.S.C. §1981 ("§1981") and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*

5. The District Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343.

6. In April of 2014 Plaintiff formally filed a charge of race and age discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). During the pendency of the investigation of that charge, Plaintiff filed another charge of retaliation with the EEOC.

1

7. The EEOC issued a Notice of Right to Sue on the April 2014 charge on or about February 10, 2016, and on the second retaliation charge on or about March 18, 2016.

8. In October of 2013 Plaintiff attended "G-Tech training" on a new design tool, the Geographic Information System, which was being implemented by Defendant to move it from a manual to fully automated mapping system of its electrical installations.

9. Plaintiff attended the training with six other employees, but was the only black employee in his class.

10. Plaintiff was treated disparately compared to the non-black members of his class as evidenced by, *inter alia*, the following: a) Plaintiff exceeded the minimum of doing one design a day by doing three designs, and yet was not passed; b) Plaintiffs classmates were advised of the availability of "G-Tech" training books, and permitted to use the books, during an "open-book" test while Plaintiff was not, and yet, despite this, Plaintiff passed the test and was nonetheless held back; c) Plaintiff's classmates were provided lunch for all tests and training days while Plaintiff was not; d) Plaintiff's classmates were not required to test for more than two hours in a day while Plaintiff was required to test for 8 hours in one day; e) Plaintiff was required to retest on material he passed while his classmates were not; f) Plaintiff was disciplined for being late during training while classmates were late and were not disciplined; g) Plaintiff was graded on performance testing while his classmates were not; and, h) Plaintiff was denied the use of a vacation day to visit his mother who was having surgery out of state and yet a classmate was permitted to use a vacation day during the testing period.

11. Defendant made Plaintiff take the "G-Tech" training class again, which put additional stress on Plaintiff, since trying to keep us with his regular work while taking one training was difficult in its own right, and now Plaintiff would have additional work piled up

2

because of having to take the class again.

12. Plaintiff was also unjustly subjected to disciplinary actions by his white supervisor, Maryrose Sheppard, said actions including three (3) "fact findings" that contained demonstrably false allegations.

13. Sheppard also told a co-worker of Plaintiff that she was "going to get Richard Reinhardt."

14. Plaintiff was unfairly and unjustly suspended three times without pay for the period between September 2013 and February 2014.

15. During the "G-Tech" training Plaintiff contacted the Ethics Hotline and made a complaint of discrimination in October of 2013.

16. Plaintiff also spoke with a Human Resources employee who was investigating his complaint, Tonya Jackson, and told her that, while he was not subjected to racial epithets, he was being treated differently because of his race.

17. After Defendant did not pass Plaintiff for the "G-Tech" training in October of 2013 Plaintiff was sent to the training a second time and passed.

18. Plaintiff applied for a new Business Design position that was awarded in or about December of 2013 to a white individual who did not have any design experience and was less qualified than Plaintiff for the position.

19. On or about February 24, 2014 Plaintiff was suspended without pay for alleged improper use of his laptop (specifically, claims of pornographic material on the laptop) and allegedly being dishonest during an investigation of the same.

20. On or about May 14, 2014 Plaintiff's employment was terminated for the same reasons for which he was suspended.

21. Plaintiff believes and therefore avers that the grounds advanced by Defendant for his termination are false and prextextual, and that the his termination may have been orchestrated by Sheppard, as supported by, *inter alia,* the following: a) Plaintiff was accused of improper use of his laptop for a period beginning on December 2, 2013, and yet Plaintiff was taken from work (with his computer left on) in an ambulance and hospitalized for several days during this period, during which time Plaintiff's laptop remained at work and others had access to it; b) at all relevant times Sheppard had access to Plaintiff's computer and could manipulate it remotely; c) Sheppard told Plaintiff to alter his time sheet during days in the period for which his computer use was being investigated to indicate that he was working at times when he was not; d) others had access to Plaintiff's computer during the time period, when there were occasions when Defendant was operating in "Storm" mode; and, e) Plaintiff was not untruthful in responding to questioning during the investigation.

22. Plaintiff believes and avers that Defendant discriminated against him on the basis of his race and/or in retaliation for his objecting to and opposing race discrimination.

23. As a direct and proximate result of Defendant's racial discrimination and/or retaliation, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorney's fees and costs.

## COUNT I (§1981)

24. Plaintiff hereby incorporates by reference paragraphs 1 through 23 above as if set forth herein in their entirety.

25. By the above-referenced actions, Defendant violated 42 U.S.C. §1981.

26. As a direct and proximate result of Defendant's violation of §1981, Plaintiff has

sustained the injuries, damages and losses set forth herein.

## COUNT II (TITLE VII)

27. Plaintiff hereby incorporates by reference Paragraphs 1 through 23 above as if set forth herein in their entirety.

28. The actions of Defendant violated Title VII.

29. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has sustained the injuries, damages and losses set forth herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) Awarding compensatory damages to Plaintiff to make Plaintiff whole for all lost earnings, past and future, which Plaintiff has suffered as a result of Defendant's improper and unlawful treatment, including, but not limited to, past and future wages, lost earning capacity, pension and other lost benefits;

(b) Awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, injury to reputation, loss of life's pleasures, and pain and suffering;

(c) Awarding Plaintiff punitive damages;

(c) Awarding Plaintiff costs of this action, together with reasonable attorney's fees; and,

(d) Granting or awarding Plaintiff reinstatement to an appropriate position with Defendant; and,

(f) Declaring Defendant's actions to be in violation of 42 U.S.C. §1981 and Title VII and awarding such further relief as available to Plaintiff and as the court deems appropriate.

Respectfully submitted,

_____
Mark S. Scheffer, Esquire

6